UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, CDCR #G-39318,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>DR. SHAKIBAH; D. PARAMO; M. GLYNN; S. ROBERTS,<br><br>　　　　　　　　　Defendants. | Case No.: 3:16-cv-3028-BTM-AGS<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br>**[ECF No. 24]**<br><br>**AND**<br><br>**2) DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6) WITHOUT PREJUDICE AS MOOT**<br>**[ECF No. 18]** |

Richard Armenta ("Plaintiff"), is currently incarcerated at the California Men's Colony located in San Luis Obispo, California, and is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983.

/ / /

/ / /

## I. Procedural Background

On April 18, 2017, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), denied his Motion to Appoint Counsel, and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Plaintiff was given the option to file an amended pleading or request that the Court direct the U.S. Marshal to effect service upon the claims against Defendants that survived the sua sponte screening process pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) (*Id.*).

On June 27, 2017, Plaintiff notified the Court of his intention to proceed only as to the claims that survived and on July 21, 2017, the Court directed the U.S. Marshal to effect service on the remaining Defendants. (ECF Nos. 8, 10.)

On December 4, 2017, the served Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 18). This motion was calendared to initially be heard by the Court on January 26, 2018 but after Plaintiff filed a request for extension of time to file an opposition, the matter was to have been heard on March 5, 2018. (ECF No. 22.)

On March 2, 2018, and instead of an Opposition, Plaintiff filed a "Motion for Leave to File an Amended Complaint" (ECF No. 24). The Court issued a briefing schedule and on April 4, 2018, Defendants filed a "Notice of Non-Opposition to Plaintiff's Motion for Leave to File First Amended Complaint." (ECF No. 4.)

## II. Plaintiff's Motion for Leave to Amend

Pursuant to FED. R. CIV. P. 15(a), a party "may amend its pleading once as a matter of course … within 21 days after service of a motion under Rule 12(b)…" FED. R. CIV. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Here, while Plaintiff did not file this request within 21 days after Defendants filed their motion, Defendants have notified the Court that they have no objection to Plaintiff's request. Therefore, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 20) is GRANTED. As a result, Defendants' Motion to Dismiss Plaintiff's original

Complaint (ECF No. 18) pursuant to FED. R. CIV. P. 12(b)(6) is DENIED without prejudice as moot in light of Plaintiff's amendment. While Plaintiff attaches what appears to be a complaint to his motion seeking leave to amend, he does not identify the pleading as a "First Amended Complaint." (*See* ECF No. 24 at 3.) Therefore, the Court will instruct Plaintiff to file a First Amended Complaint.

### III. Conclusion and Order

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion for Leave to file an Amend Complaint pursuant to FED. R. CIV. P. 15(a)(2) (ECF No. 24);

2) **DENIES** Defendants' Motion to Dismiss Plaintiff's original Complaint pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 18),

3) **DIRECTS** Plaintiff to file an Amended Complaint, and to serve it upon Defendants no later than **forty five (45)** days from the date this Order is electronically filed. Plaintiff is cautioned that his Amended Complaint must be complete by itself without reference to his original pleading (ECF No. 1). *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff is cautioned that if he fails to file and serve his Amended Complaint upon Defendants within 45 days, the Court may dismiss his case based on his failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: April 27, 2018

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court

3

3:16-cv-3028-BTM-AGS

4