UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA, CDCR #G-39318,<br><br>Plaintiff,<br><br>vs.<br><br>D. PARAMO, DR. SHAKIBAH; S. ROBERTS; M. GLYNN,<br><br>Defendants. | Case No.: 3:16-cv-03028-BTM-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO JOIN/AMEND OTHER PARTIES/DEFENDANTS**<br><br>**[ECF No. 35]** |

Richard Armenta ("Plaintiff"), currently incarcerated at California State Prison, Corcoran, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed their Answer to Plaintiff's First Amended Complaint ("FAC") on February 14, 2019. Plaintiff has now filed a "Motion to File Amended Complaint to Add Parties, Defendants Per Fed.R.Civ.P. 20(a)(1)(A). (ECF No. 35.) Defendants have filed an Opposition to Plaintiff's Motion. (ECF No. 42.)

**I.      Plaintiff's Motion for Leave to Join/Amend**

In his Motion, Plaintiff seeks to add Defendants "Dr. Voegul, Dr. Ward, Dr. Taylor, Chief Medical Officer," as well as the Warden and Assistant Warden at California Men's Colony ("CMC"). *See* ECF No. 35 at 5. Plaintiff seeks leave to join these parties based

on Eighth Amendment claims and pursuant to the Americans with Disabilities Act ("ADA"). *Id.*

Defendants oppose Plaintiff's request on the grounds that the Southern District of California "is not the proper venue for the claims" and the "claims against the new proposed Defendants do not arise out of the same occurrence as the pending claims against the RJD Defendants." *See* ECF No. 42. Defendants also argue that Plaintiff's ADA claims fail as a matter of law because he seeks to hold Defendants liable for actions taken in their individual capacities. *Id.*

### A. Legal Standards

Because Plaintiff seeks to amend his pleadings to add seven additional parties as defendants, after a responsive pleading has been served, the Court must consider both Federal Rules of Civil Procedure 15 and 20. *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980).

Because Defendants have already filed an Answer (ECF No. 37), Rule 15(a)(2) permits amendment ". . . only with the opposing part[ies]' written consent or the court's leave." The Rule further provides that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

In conjunction with Rule 15, Rule 20(a)(2) provides that persons may be joined in the action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20 (a)(2)(A), (B).

Rule 20(a)(2), like Rule 15(a)(2), requires liberal construction to promote judicial economy and trial convenience. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977) (citing *Mosley v. Gen. Motors,* 497 F.2d 1330, 1332–33 (8th Cir. 1974)). "[T]he same transaction or occurrence requirement 'refers to similarity in the factual background of a claim.'" *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-CV-02030-KJM-AC, 2014 WL 1883939, at *8 (E.D. Cal. May 12, 2014) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Claims that "arise out of a systematic pattern of events" and "have [a] very definite logical relationship" arise from the same transaction or occurrence. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (internal quotations omitted).

"[E]ven once [Rule 20(a)'s] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Company,* 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank* 623 F.2d at 1375); *see also Boulton v. Am. Transfer Servs., Inc.*, No. 14CV00175-GPC-RBB, 2014 WL 3849915, at *4 (S.D. Cal. Aug. 5, 2014).

Thus, if the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank*, 623 F.2d at 1375.

**B. Discussion**

Plaintiff argues in his Motion to Amend/Join parties pursuant to Rule 20, that he seeks only to add new parties he claims are "related to" the claims he has raised in this action. *See* ECF No. 35 at 5.

Defendants, however, object to Plaintiff's Motion on the grounds that the "Southern District of California is not the proper venue for the claims, the claims against the new proposed Defendants do not arise out of the same occurrence as the pending claims against the RJD Defendants, and judicial economy would not be served by joining the new parties." *See* ECF No. 42 at 1.

The Court finds that joinder under Rule 20 is not proper because Plaintiff's allegations as to the newly proposed parties do not "arise out of the same transaction or occurrence or serious of transactions or occurrences." Fed.R.Civ.P. 20(a)(2)(A).

As stated above, Plaintiff seeks to add several CMC officials based on Eighth Amendment claims and pursuant to the ADA. *See* ECF No. 35 at 5. Plaintiff maintains that the allegations against the CMC officials involve the "same transaction, occurrence" because he is alleging that they failed to "provide adequate medical care" for the same medical need Plaintiff had while housed at RJD. *Id.* at 3, 6.

However, while Plaintiff's medical needs while housed at CMC are purportedly the same as his medical needs while housed at RJD, determining whether Defendants violated Plaintiff's Eighth Amendment claims will require an individualized consideration as to whether any one of them were subjectively indifferent to his medical needs. "Deliberate indifference" is evidenced only when a prisoner alleges the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Therefore, the claims against the CMC Defendants cannot be found to "arise out of the same transaction, occurrence, or series of transactions or occurrence" as the claims against the RJD Defendants. Fed.R.Civ.P. 20(a)(2)(A).

In addition, to the extent that Plaintiff seeks to bring ADA claims against the proposed new Defendants, he may not do so. Plaintiff may not pursue an ADA claim against any of the named Defendants because there is no individual liability under Title II.

4

3:16-cv-03028-BTM-AGS

The ADA's definition of "public entity" does not include individuals. *See Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1038-39 (D. Or. 1995) (individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern., Inc*., 991 F.2d 583 (9th Cir. 1993)); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); 42 U.S.C. § 12131(1); *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA ...")

Because Plaintiff is no longer housed at CMC, his claims for injunctive relief are moot. While the Court denies Plaintiff's request to add parties from CMC to this action, the Court denies the Motion without prejudice as to the filing of a separate action in the Central District of California for claims that arose at CMC. In addition, the Court denies Plaintiff's Motion without prejudice as to any motion to join parties who are currently involved in Plaintiff's medical treatment at his current place of confinement as injunctive relief would not be moot.

In addition, the Court, on its own motion, will reconsider the Court's previous Order regarding Plaintiff's Motion for Appointment of Counsel in light of changing circumstances including, but not limited to, allegations of Plaintiff's deteriorating medical condition and multiple prison transfers.

The Court in its discretion, pursuant to its inherent authority, is considering a referral of this case to the District's Pro Bono Panel to locate volunteer counsel to represent Plaintiff in this litigation.

## II. Conclusion and Order

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Leave to Amend/Join Parties (ECF No. 35) without prejudice.

**IT IS SO ORDERED.**

Dated: June 4, 2019

Hon. Barry Ted Moskowitz
United States District Judge