# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>                              Plaintiff,<br>v.<br><br>D. PARAMO, *et al.*,<br><br>                            Defendants. | Case No.: 3:16-cv-03028-BTM-AGS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 51]** |

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 51; *see also* ECF No. 51-2 (proposed Second Amended Complaint).) Plaintiff is presently imprisoned at California State Prison – Corcoran ("Corcoran") in Corcoran, California. Plaintiff seeks leave to amend his operative complaint – which alleges claims under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment against several prison officials, sued in their individual capacities, employed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California – to add a separate claim of deliberate indifference seeking injunctive relief against the current Secretary of the California Department of Corrections and Rehabilitation, Ralph Diaz, in his official capacity. (*Compare* ECF No. 28 (operative First Amend Complaint); *with* ECF No. 51-2 (proposed Second Amended Complaint).)

Plaintiff's claims in his operative complaint arise out of allegations that prison officials at RJD ignored his medical needs with regard to a brain tumor, originally diagnosed in March 2013, from which he presently suffers. (*See* ECF No. 36, at 2-4.) In his proposed Second Amended Complaint, Plaintiff alleges he "has been transferred at least eight times to different prisons throughout California without receiving any effective medical treatment of his brain tumor" since leaving RJD in August 2016. (ECF No. 51-1, at 2; *see also* ECF No. 51-2, ¶¶ 83-92 (delineating Plaintiff's locations of imprisonment from August 2016 through the present).) Plaintiff alleges that Secretary Diaz "implemented a policy that allowed Plaintiff's transfer from RJD and his other subsequent prison transfers which is continuing to result in delay of the treatment of his serious medical needs" and "[t]his delay is evidence that [Secretary] Diaz has a policy or practice of deliberate indifference to Plaintiff's medical needs" in violation of the Eighth Amendment. (ECF No. 51-2, ¶¶ 104-105.) Accordingly, the proposed Second Amended Complaint requests injunctive relief prohibiting Secretary Diaz "from transferring Plaintiff to another prison before he receives adequate medical treatment for his brain tumor at Corcoran" and compelling Secretary Diaz "to provide Plaintiff with adequate medical care, including ordering surgery for the treatment of his brain tumor at Corcoran[.]" (*Id.* at 17, ¶¶ H, I.) Further, Plaintiff argues that "Secretary Diaz is being added to the case because he is the one person who, should [Plaintiff] prevail on the merits, is capable of ordering the [medical treatment he requires] regardless of the location where [Plaintiff] may be imprisoned." (ECF No. 56, at 2.)

Defendants Glynn, Paramo, Roberts, and Shakibah (the "RJD Defendants") oppose amendment on the grounds of futility. (ECF No. 52, at 2.) More specifically, the RJD Defendants argue that: (1) Plaintiff's medical needs do not necessitate the surgery he requests; (2) Plaintiff fails to adequately allege the existence of a policy or practice "that caused him to be transferred notwithstanding

his alleged serious medical condition[;]" (3) the injunctive relief requested is improper because the relief requested contradicts medical advice, would allow Plaintiff to dictate his location of imprisonment, and could potentially interfere with prison safety concerns; (4) Plaintiff cannot demonstrate irreparable injury in the absence of the requested injunctions, (5) equity does not favor the requested injunctive relief; and (6) the public interest is not served by an injunction. (*Id.* at 5-10.)

The RJD Defendants' argument that Plaintiff's medical needs do not necessitate surgery is based upon disputes of material fact which would require the Court to construe the pleadings or draw inferences against Plaintiff or rely upon facts and evidence not referenced in the proposed Second Amended Complaint and for which judicial notice has not been sought. (*See* ECF No. 52, at 5-6 (citing ECF No. 53).) The same is true with regard to the RJD Defendants' arguments that the requested injunctive relief is improper, that Plaintiff cannot demonstrate irreparable injury, that equity does not favor injunctive relief, and that the public interest is not served by an injunction. (*Id.* at 7-10.) Such arguments are therefore inapposite to a motion seeking leave to file an amended complaint. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." (internal quotations and citations omitted)); *see also Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) ("When ruling on a motion to dismiss, we may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. We accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." (internal quotations and citations omitted)).

As to their argument that Plaintiff has failed to identify a policy or practice "that caused him to be transferred notwithstanding his alleged serious medical

condition," the RJD Defendants assert that the proposed Second Amended Complaint "does not adequately allege a pervasive pattern reflecting department policy" to warrant enjoining a state agency. (ECF No. 52, at 6-7 (citing *Thomas v. Cty. of Los Angeles*, 978 F.2d 504, 509 (9th Cir. 1992).) Drawing all reasonable inferences in favor of Plaintiff, however, the Court concludes that Plaintiff has sufficiently pled such a pervasive pattern – at least with regard to Plaintiff individually – in light of the numerous transfers Plaintiff has allegedly endured since leaving RJD. Accordingly, the RJD Defendants have failed to demonstrate futility of amendment.

Finally, the RJD Defendants have failed to identify any other reason counseling against amendment. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.").

Based upon the foregoing, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 51) is **GRANTED** and Plaintiff may file an amended complaint in the form of the proposed Second Amended Complaint attached to their motion as Exhibit A (ECF No. 51-2). Plaintiff shall file his amended complaint **on or before February 7, 2020**.

**IT IS SO ORDERED.**

Dated: January 23, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge