UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>                                    Plaintiff,<br>v.<br>D. PARAMO, et al.,<br><br>                                    Defendants. | Case No.:  3:16-cv-03028-BTM-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL AND GRANTING COUNSEL'S MOTION TO WITHDRAW**<br><br>**[ECF NOS. 128 & 136]** |

Pending before the Court is Plaintiff's motion to set aside the Court's Order dismissing this matter with prejudice and Perkins Coie LLP's motion to withdraw as Plaintiff's counsel. (ECF Nos. 128 & 136).[1]  For the reasons discussed below, the Court will deny Plaintiff's motion and grant counsel's motion.

## BACKGROUND

In December 2016, Plaintiff Richard Armenta filed a civil rights complaint against prison officials at a correctional facility in San Diego, alleging that they

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

violated his Eighth Amendment rights by denying him surgery and medical treatment for a brain tumor. (ECF No. 1). In January 2022, the parties filed a joint motion to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 110). The Court granted the motion and entered an order dismissing the action with prejudice. (ECF No. 112)

Plaintiff thereafter filed several letters with the Court, claiming that Defendants failed to abide by the parties' settlement agreement. (ECF Nos. 113, 114, 119, 122, & 123). On June 13, 2022, the Court held a hearing to assess the issue. (ECF No. 124). The next day, the Court entered an order granting Plaintiff forty-five (45) days to file a motion to set aside the dismissal. (ECF No. 125).

On June 27, 2022, Plaintiff filed a motion to set aside the dismissal. (ECF No. 128). Plaintiff claims that Defendants improperly credited his settlement payment ($4,000) against restitution he owed. (Id.) In response, Defendants contend that the settlement agreement explained that the settlement award would be credited against restitution Plaintiff owed, and Defendants have provided a copy of the agreement. (ECF No. 134). In reply, Plaintiff claims the settlement agreement is inconsistent with the proposal he agreed to and that he never would have agreed to the settlement if he knew that the proceeds would be credited against restitution he owed. (ECF No. 135).

On August 18, 2022, Plaintiff's counsel filed a motion to withdraw. (ECF No. 136). According to counsel, Plaintiff agreed at the outset that the representation would end when a settlement was reached or the matter was dismissed, Plaintiff was again informed of that fact on June 16, 2022, and Plaintiff prepared the motion to set aside the dismissal without counsel's assistance. (ECF No. 136). Counsel's motion is unopposed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from

a final judgment if (among other reasons) the opposing party engaged in fraud or if there are extraordinary circumstances warranting such relief.  *See generally United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).  "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."  *Keeling v. Sheet Metal Workers International Association*, 937 F.2d 408, 410 (9th Cir. 1991).

When deciding a motion to withdraw, courts consider the reasons for withdrawal and whether withdrawal will prejudice a litigant or delay the resolution of the matter.  *See generally Beard v. Shuttermart of Cal., Inc.*, No. 07CV594, 2008 U.S. Dist. LEXIS 10575, *6-7 (S.D. Cal. 2008).

## DISCUSSION

The settlement agreement forecloses Plaintiff's arguments.  The agreement provides that it supersedes all prior statements and agreements. (ECF No. 134 ¶ 15).  Thus, Plaintiff cannot rely on the argument that the agreement is inconsistent with prior proposals.  Moreover, paragraph 20 of the agreement explains that Plaintiff's payment would have any restitution he owed deducted from it.  In paragraph 20, the agreement states: "Plaintiff understands that under California Penal Code section 2085.8, CDCR will collect from the settlement amount any amounts owed by the Plaintiff under a restitution fine or order, including any administrative fees related to such amounts." (ECF No. 134 ¶ 20).

Because the agreement explains that Plaintiff's payment would have the restitution he owed deducted from it, he cannot claim that Defendants did not abide by the agreement.  Plaintiff has not shown that extraordinary circumstances warrant relief from the Court's Order dismissing this matter, and thus his motion must be denied.

Plaintiff contends that the CDCR violated California Regulation Title 15,

Section 3097 by deducting more than 50% of the settlement toward his restitution. If the CDCR violated Section 3097, Plaintiff can bring an independent action in the San Diego Superior Court. But the potential violation of Section 3097 is not attributable to Defendants in this case.

Last, this matter is closed, and counsel's representation of Plaintiff has concluded. *See* (ECF No. 136, Bernstein Aff. ¶ 4). There is good cause for the Court to grant counsel's motion to withdraw.

## CONCLUSION

For the reasons stated, the Court **denies** Plaintiff's motion to set aside the Order dismissing this matter and **grants** counsel's motion to withdraw. (ECF Nos. 128 & 136).

**IT IS SO ORDERED.**

Dated:  December 21, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge